No. 6987.

CLINTON AND PORT HUDSON RAILROAD COMPANY VS. TAX COLLECTOR.

When a tax collector summarily seizes property and advertises it for sale for arrearages of taxes, and his right to do so is contested, he must specifically show what property he claims taxes on, what is the cash value of that property, and what the percentage on that value. Otherwise he will be enjoined from proceeding in the summary way allowed by the law.

APPEAL from the Fifth Judicial District Court, parish of East Feliciana. *Kilbourne*, J., in place of *McVea*, J., recused.

*W. F. Kernan* and *T. B. Lyons* for plaintiffs and appellees.

*J. H. Lamon*, District Attorney, and *D. J. Wedge*, Parish Attorney, for defendant and appellant.

The opinion of the court was delivered by

MARR, J. The tax collector of East Feliciana seized and advertised for sale, for arrearages of taxes, the railroad, engines, rolling stock, right of way, and appurtenances of the Clinton and Port Hudson Railroad Company; and the company obtained an injunction on the grounds:

1. That the capital stock of the company is exempt from taxation by law.

2. That other railroads in the State are by law exempt from taxation; and that no tax could be levied on this road, without violation of article 118 of the Constitution, which requires taxation to be equal and uniform.

3. That this company having been chartered by the laws of the State, on condition of constructing the road within a stated time, which was done, the imposition of a tax on the company would be a violation of article one, section ten, of the Constitution of the United States.

The assessments offered in evidence for the several years, 1868 to 1876, do not indicate, in any manner, on what property they are estimated. The value for the respective years is as follows: 1868, $20,733: 1869, $25,000: 1870, $14,810: 1871, $14,810: 1872, $13,020: 1873, $17,560: 1874, $20,000: 1875, $20,000: 1876, $500.

Extracts from the delinquent lists, as recorded, show the property taxed in 1868, 1869 to have been 215 acres woodland, twenty-eight mules, one passenger car, and seven flat cars, taxes for each year so much, no aggregate nor separate valuation stated. For 1870, 1871, "215 acres land, rolling stock and mules," tax for each year so much, without other particulars. For 1872, the 215 acres of land only.

The judge *ad hoc*, who tried the case, was of opinion that when the tax collector resorts to the summary process allowed by law, and his right to do so is contested, he must establish his right, and show what property he claims taxes upon, what is the cash value of the same, and what the per centage he seeks to collect. He ordered the injunction to be perpetuated, "so far as to release the seizure of the railroad, engines, rolling stock, right of way, and appurtenances thereunto belonging;" and declined to pass upon any other question.

The appellee, the plaintiff in injunction, has not asked for any amendment of the judgment; and we can only review the matters passed upon by the district court.

Nothing in the record informs us what property was assessed in the several years for which the taxes are claimed. It was proven that during part of the time mules were used as the motive power. Whether the annual assessment was on the mules, the land, and the rolling stock, we

do not know, nor can we form any idea of the value or valuation of any of these several objects, either separately or in the aggregate.

We concur with the judge *ad hoc*, that the tax-collectors should be prepared to show the material facts, when they proceed summarily, to justify that proceeding; particularly to show on what property the assessment is made, and the per centage on the value.

If the land, the mules, the rolling stock, right of way, and appurtenances seized were part of the capital stock of the company we should be inclined to the opinion that they could not be taxed; but as we have no authority to pass upon any of the matters not passed upon by the district court, since plaintiff has neither appealed nor prayed for an amendment, we must limit ourselves to the affirmance of the judgment appealed from.

It is therefore ordered that the judgment appealed from be affirmed with costs.